UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 22-57-DLB

ROBERT HERALD BARNETT                                                 PETITIONER

v.                      **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA, et al.                       RESPONDENTS

\*\*\* \*\*\* \*\*\* \*\*\*

Robert Herald Barnett is a prisoner at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, Barnett recently filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth herein, Barnett's Petition is **denied**.

In 2010, a jury in this judicial district convicted Barnett of numerous federal crimes, including but not limited to, using a facility of interstate commerce in the commission of a murder for hire and causing another to travel in interstate commerce in the commission of a murder for hire. *See United States v. Barnett*, No. 5:09-cr-00067-JMH, at Docs. #49, 58 (E.D. Ky. 2010). The district court sentenced Barnett to a total of 480 months in prison. *See id.* at Doc. #58. The United States Court of Appeals for the Sixth Circuit then affirmed the district court's judgment. *See id.* at Doc. #90. Barnett, however, subsequently moved to vacate his sentence pursuant to 28 U.S.C. § 2255, and the district court vacated one

of his convictions and resentenced him to 262 months in prison.  *See id.* at Docs. #225, 239.  The Sixth Circuit affirmed that judgment.  *See id.* at Doc. #252.

Barnett has now filed a § 2241 petition with this Court.  (Doc. # 1).  While Barnett's petition is difficult to follow, he is clearly asserting three constitutional claims.  Barnett first argues that the prosecutors in his underlying criminal case committed misconduct and therefore violated his due process rights by failing "to disclose to the defense that its star witness was a paid informant."  (Doc. # 1-1 at 4).  Barnett then asserts two different ineffective assistance of counsel claims and thus argues that his defense attorneys ran afoul of his rights under the Sixth Amendment.  (*See id.* at 6-14).  In the end, Barnett asks this Court to vacate at least some of his convictions, which he claims are "in contravention of clearly established Federal law."  (Doc. #1 at 9).

Barnett's petition constitutes an impermissible collateral attack on his underlying convictions.  Although a federal prisoner may challenge the legality of his convictions on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition.  *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a habeas petition under § 2241).  After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility.  *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  Simply put, Barnett cannot use his § 2241 petition as a way of challenging his convictions.

It is true that there is a limited exception under which federal prisoners have been permitted to challenge the validity of their convictions in a § 2241 petition.  However, the

2

Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate, among other things, that an intervening change in statutory law from the Supreme Court establishes his actual innocence. *See Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2021). The Sixth Circuit has further explained that the prisoner "must show 'that he had no prior reasonable opportunity to'" present his arguments in his earlier § 2255 proceedings. *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021) (quoting *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019)).

Barnett does not meet the foregoing requirements. In fact, Barnett has not clearly identified *any* intervening change in statutory law, let alone a change that establishes his actual innocence. Instead, it appears that Barnett is trying to litigate constitutional claims that he could have asserted on direct appeal or in his earlier § 2255 proceeding. That is simply not proper in a § 2241 petition.

For the foregoing reasons, Barnett's petition constitutes an impermissible collateral attack on his underlying convictions. Therefore, this Court may not entertain his § 2241 petition and will dismiss it for lack of subject-matter jurisdiction. *See Taylor*, 990 F.3d at 496.

Accordingly, it is **ORDERED** that:

(1)  Barnett's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DISMISSED** for lack of subject-matter jurisdiction;

(2)  This action is **STRICKEN** from the Court's docket; and

(3)  The Court will enter a corresponding Judgment.

This 16th day of March, 2022.



K:\DATA\ORDERS\PSO Orders\5-22-57 Memo Denying Petition.docx